[Crim. No. 17317. Fourth Dist., Div. Three. Sept. 27, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
KURT WILLIAM MITCHELL, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*See footnote, *post*, page 255.

**COUNSEL**

Patrick M. Hevesy, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Frederick R. Millar, Jr., and Deborah D. Factor, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CROSBY, J.**—Kurt William Mitchell was convicted of forcible oral copulation and false imprisonment (Pen. Code, §§ 288a, subd. (c) and 236). He claims the trial court erred in (1) precluding him from offering evidence of his good character for truth and veracity, (2) allowing testimony concerning an admission overheard in a jailhouse conversation with his wife, (3) permitting overly detailed fresh complaint evidence, and (4) refusing to give instructions on certain claimed lesser included or related offenses.

I*

On November 11, 1981, about 2:30 in the afternoon, the victim ran out of gas near the Garden Grove freeway's Magnolia off-ramp on the way

---

*Pursuant to California Rules of Court, rule 976.1, sections I and II only are ordered to be published. The balance of the opinion does not meet the standards for publication.

home from her employment. Mitchell stopped his truck and offered a lift to a gas station. She accepted. While driving on the freeway after obtaining the gas, Mitchell forced her to masturbate and orally copulate him to climax. He then left her at her vehicle.

Mitchell was arrested in May of 1982, when the victim spotted him doing landscape work in the City of Westminster. Garden Grove Police Officer Bailey later transported Mitchell from the Westminster Police Department to the Orange County jail. In the intake area of the latter facility, Mitchell was permitted a telephone call to his wife over a speaker phone readily audible to all persons standing nearby. Prisoners are not permitted to use a regular phone receiver there because, as the officer explained, they are to be handcuffed in that area of the jail.

During the conversation, Mitchell's wife asked, "All I want to know is whether or not you did it." Bailey testified, "He paused and hummed" and then answered, "Yes, I made a mistake."

At trial Mitchell denied any use of force and said he believed the victim willingly engaged in the sex act, although she seemed concerned and hesitant at times.

## II

■ The trial court refused to allow defense character witnesses to be questioned concerning Mitchell's reputation for truth and veracity because his credibility had not been attacked by the prosecution (although they were permitted to state that his reputation for peacefulness and nonviolence was good). Mitchell claims the better reasoned of two lines of authority permits affirmative proof of character for truth and veracity where a defendant's testimony is in direct conflict with the victim's and his truthfulness, at least by implication, is thus at issue. Our difficulty with this argument is a simple one; we have failed to locate any cases in the line Mitchell advocates.

Before the current Evidence Code was enacted, the rule was as follows: "It is only in cases where defendant's reputation for truthfulness is challenged by evidence that his reputation for truth is bad that evidence on the other side is admissible. An exception to the rule is when such trait is in issue." (*People* v. *Sweeney* (1960) 55 Cal.2d 27, 39 [9 Cal.Rptr. 793, 357 P.2d 1049].) Sweeney was an attorney who was accused, among other things, of attempting to bribe a deputy sheriff. He claimed he was entrapped. The Supreme Court upheld the trial court's refusal to allow another attorney to testify as to his reputation for truth and honesty.

Since the enactment of the Evidence Code, section 790 has been the law. It provides, "Evidence of the good character of a witness is inadmissible to support his credibility unless evidence of his bad character has been admitted for the purpose of attacking his credibility." There is no exception listed for defendants, even when their testimony is at variance with that of the victim.

Mitchell wholly bases his claimed other line of authority on *People* v. *Thompson* (1979) 98 Cal.App.3d 467 [159 Cal.Rptr. 615]. Thompson was charged with oral copulation and furnishing marijuana to a minor. Although Evidence Code section 787 bars impeachment by means of specific acts of misconduct, the trial court allowed the prosecution to present evidence of an uncharged earlier occasion when he was alleged to have furnished marijuana to the same minor, not for impeachment, but to bolster the minor's credibility. Ignoring these hollow semantics, Justice Jefferson writing for the Court of Appeal still found a violation of Evidence Code section 787.

We do not read the case to imply, as Mitchell suggests, that in the absence of that section, the evidence would have been admissible to support the victim's credibility based on Evidence Code section 790. *Thompson* does quote a portion of the Law Revision Commission's comment to section 790. But the language cited does not support his interpretation of the case—quite the contrary: " '[u]nless the credibility of a witness is put in issue by an attack impugning his character for honesty or veracity (see Section 786), evidence of the witness' good character admitted merely to support his credibility introduces collateral material that is unnecessary to a proper determination of any legitimate issue in the action.' " (*Id.,* at p. 476.) Although the relative credibility of the victim and defendant was the crucial issue in *Thompson* (*ibid.*), that was not sufficient to avoid the proscription of the evidence there. (See also *In re Rodriguez* (1981) 119 Cal.App.3d 457, 467-468 [174 Cal.Rptr. 67].) And it should not be here.

In the absence of a direct attack on the truthfulness of the defendant, testimony offered to support his credibility was not admissible. If the mere telling of conflicting stories, the essence of litigation, could overcome Evidence Code section 790, the rule would rarely prevail over the exception.

III*

. . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 255.

The judgment is affirmed.

Trotter, P. J., and Wallin, J., concurred.